# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **KEITH E. RITCHIE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11CV00012 |
| ) | |
| v.  ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By:  James P. Jones |
| **COMMISSIONER OF** ) | United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Pamela A. Counts, Lee & Phipps, P.C., Wise, Virginia, for Plaintiff. Nora R. Koch, Acting Regional Chief Counsel, Region III, Eda Giusti, Assistant Regional Chief Counsel, Charles J. Kawas, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I sustain the Commissioner's Objections to the magistrate judge's Report and Recommendation and affirm the denial of benefits.

I

Plaintiff Keith E. Ritchie filed an application for disability insurance and supplemental security income benefits with the Social Security Administration ("SSA") pursuant to Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C.A. §§ 401-433 (West 2011 & Supp. 2012) and 1381-1383f (West 2012).

After the claims were denied initially and upon reconsideration, a hearing was held before an administrative law judge ("ALJ"). The ALJ issued a decision denying Ritchie's claims. The SSA's Appeals Council denied Ritchie's request for review and the ALJ's decision became the final decision of the Commissioner of Social Security (the "Commissioner").

Ritchie then sought judicial review of the denial pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3). I referred the case to a magistrate judge for determination pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2006) and Federal Rule of Civil Procedure 72(b)(1). The magistrate judge considered the record and the parties' cross-motions for summary judgment and issued a report and recommendation ("R&R") that the case be remanded to the Commissioner for further administrative consideration. *Ritchie v. Astrue,* No. 2:11cv00012, 2012 WL 1999892, at *8-9 (W.D. Va. May 9, 2012).

The Commissioner has timely objected to the R&R pursuant to 28 U.S.C.A. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2). No timely response has been filed by the plaintiff and the Objections are ripe for decision.

II

The magistrate judge found that the ALJ's determination of Ritchie's mental residual functional capacity ("RFC") was not supported by substantial evidence.

The magistrate judge concluded that the ALJ had summarily rejected the bulk of mental health restrictions placed upon Ritchie by the two state agency psychologists, despite stating in the decision that she was according the opinions of those psychologists significant weight.  In the RFC determination, the ALJ limited Ritchie to simple, non-complex work that did not require him to work around the public or interactively with others.  However, the magistrate judge noted that both state agency psychologists noted on Form SSA-4734 — entitled "Mental Residual Functional Capacity Assessment" — that Ritchie was moderately limited in many other areas, including his ability to perform activities within a schedule; to maintain regular attendance and be punctual within customary tolerances; to sustain an ordinary routine without special supervision; and to complete a normal workday and workweek without interruptions from psychologically-based symptoms.  (R. at 518-19, 560-61.)  Because the ALJ had failed to include these restrictions in her RFC consideration and had given no explanation for such failure, the magistrate judge concluded that the RFC determination was not supported by substantial evidence.

      This court reviews de novo those portions of the R&R to which the Commissioner has objected.  28 U.S.C.A. § 636(b)(1)(C).  The Commissioner contends that the magistrate judge erred in her evaluation of the psychologists' mental health assessments.  Specifically, the Commissioner argues that the

restrictions which concerned the magistrate judge were included in Section I of the Mental Residual Functional Capacity Form, and do not represent the RFC assessment upon which the ALJ is to base her decision.  Rather, the RFC assessment, wherein the psychologist states what a claimant can still do despite his impairments and upon which the ALJ is to rely in formulating the RFC, is found in Section III of the form.  The defendant argues that the ALJ was not required to include the limitations described in Section I in her RFC determination.

The SSA's Program Operations Manual System ("POMS") confirms the defendant's argument.  The POMS explains the function and interpretation of Form SSA-4734 and each of its parts.  The POMS states that Section I of SSA-4734, the "Summary Conclusion," is "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment."  POMS § DI 24510.060 (B)(2)(a), *available at*  https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060.

Section III, the "Functional Capacity Assessment," is for recording the mental RFC determination.  "It is in this section that the actual mental RFC assessment is recorded, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." *Id.* at (B)(4)(a).

Thus, in formulating the RFC assessment, the ALJ properly relied upon the psychologists' conclusions as stated in Section III of their forms because it is in this section that the medical consultant records what the claimant can still do despite his impairments. *Id.* One of the state agency psychologists, Howard S. Leizer, Ph.D., stated in Section III that Ritchie retained the ability to perform simple, non-stressful work. (R. at 517, 519.) The other, Louis Perrott, Ph.D., stated in Section III that Ritchie retained the capacity to perform simple, unskilled work in a setting where he did not have to interact with the general public. (R. at 561-63.) The ALJ's RFC determination directly reflected these assessments.[1] The ALJ did not err in omitting the additional limitations described in Section I of the form. *See Berry v. Astrue*, No. 1:08-cv-00005, 2009 WL 50072, at *14-15 (W.D. Va. Jan. 7, 2009) (The "ALJ was not required to include any limitations noted in Section I of the mental residual functional capacity form, as indicated by the POMS."); *Nance v. Astrue*, No. 7:10-CV-218-FL, 2011 WL 4899754, at *8 (E.D.N.C. Sept. 20, 2011) ("To the extent Claimant contends the findings [in Section I of the mental RFC form], including that Claimant is 'markedly limited' in his ability to interact appropriately with the general public, represent Claimant's

---

[1] The ALJ's hypothetical question posed to the vocational expert limited capabilities, among others, to simple, non-complex tasks and work with people in a work area, but not cooperatively and/or interactively with others, and no work with the public. The vocational expert testified that such an individual could perform work that existed in substantial numbers in the national economy.

RFC, . . . Claimant is mistaken."), *adopted,* 2011 WL 4888868 (E.D.N.C. Oct. 13, 2011).

The ALJ's failure to incorporate the limitations from Section I was the only reason the magistrate judge recommended remand for further consideration and it is the only finding objected to by the Commissioner. I find, based on the magistrate judge's other findings, that substantial evidence supports the ALJ's decision denying benefits to Ritchie.[2]

### III

For the foregoing reasons, the Commissioner's Objections to the magistrate judge's R&R will be sustained, the plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

---

[2] On summary judgment, Ritchie argued that the ALJ had erred in failing to give controlling weight to the opinion of his treating physician that Ritchie was "permanently disabled" due to his mental impairments. The magistrate judge concluded that the ALJ was entitled not to give the opinion controlling weight because it was contradicted by the physician's own treatments notes and by the other evidence in the record. However, based on her conclusion that the ALJ erroneously summarily rejected the state agency psychologists' assessments, the magistrate judge found that there was not substantial evidence to support the ALJ's decision. Because it is clear the ALJ was not required to include those additional limitations and that her RFC assessment was supported by substantial evidence, remand is unnecessary.

-7-

        DATED:   June 26, 2012

        /s/  James P. Jones
        United States District Judge